IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christy Larson, a married woman,<br><br>          Plaintiff,<br><br>v.<br><br>Hartford Insurance Company of the Midwest, a foreign insurer; and Gallagher Basset Services, Inc.,<br><br>          Defendants. | No. CV-12-02356-PHX-NVW<br><br>**ORDER** |

Before the Court are Plaintiff's Motion to Exclude Duplicative Claim Practices Expert (Doc. 97), Defendants' separate Responses, Plaintiff's Combined Reply, and Defendants' Combined Sur-Response. For the following reasons, the motion will be granted.

**I.    Background**

Plaintiff Christy Larson complains Hartford Insurance Company of the Midwest (Hartford) and Gallagher Basset Services, Inc. (Gallagher) engaged in bad faith with respect to a workers' compensation claim she filed in 2010. *See* Doc. 1-1. At the time of the injury, Larson worked for Denny's Restaurants, *id.* ¶ 14, and was a covered beneficiary under a Hartford-issued insurance policy. *Id.* ¶ 11. Gallagher acted as the day-to-day claims handler for the policy. *Id.* ¶ 7.

The thrust of Plaintiff's complaint is Gallagher acted in bad faith in handling her claim, and Hartford is jointly liable for Gallagher's actions. *See id.* ¶¶ 7–10, 73–75. As a

second theory of liability, Plaintiff alleges Gallagher aided and abetted Hartford's bad faith. *Id.* ¶¶ 78–84. Both Hartford and Gallagher offer expert testimony to rebut Plaintiff's claims.

Plaintiff argues Gallagher's and Hartford's expert reports "basically mirror each other in substance and in conclusion. Both analyze the history of the claim, and state the reasons why it was proper for Gallagher Bassett to deny Christy Larson's claim. No conduct by Hartford is addressed." Doc. 97 at 3. Instead, "[o]nly the adjusting conduct of Gallagher Bassett is addressed." *Id.* at 4.

Plaintiff asserts "[b]oth experts only address the issue of reasonable claim handling." Doc. 104 at 1. This duplication, according to Plaintiff, will result in undue delay and expense, unfair prejudice (Defendants get to say more on claims handling practices than does Plaintiff), and needless presentation of cumulative evidence. Doc. 97 at 1, 5. She moves to exclude one of the experts. *Id.* at 1.

Defendants contend they are each entitled to their own expert testimony. They argue the distinct causes of action against them require separate experts. *See, e.g.*, Doc. 100 at 2 ("Mr. McCoy's opinions differ from that of Gallagher's retained expert given the varying causes of action and allegations made against the two Defendants"); Doc. 101 at 4 ("The distinction between these two causes of action with differing elements supports the assertion that Gallagher should be entitled to retain it's [sic] own expert witness to defend the separate aiding and abetting cause of action which is only pled against Gallagher.").

Further, Defendants argue the experts' distinct qualifications and perspectives make the testimony noncumulative. *See, e.g.*, Doc. 101 at 4–5 ("Mr. McCoy and Mr. Jolstad's qualifications differ in that Jolstad holds an Arizona adjuster's license and has personal experience with regard to third party administrators. Mr. McCoy's primary work experience involved working directly for an insurance company. The unique perspectives they can provide will not make their testimony unduly prejudicial or cumulative.").

1  Finally, Defendant Gallagher asserts it would be prejudiced by the election of a 2 single expert, which might mislead the jury to believe both Defendants performed similar 3 roles with respect to Plaintiff's insurance claim. *See id.* at 4.

## II. Legal Standard

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Further, "[t]he district court has considerable discretion even with admittedly relevant evidence in rejecting that which is cumulative." *United States v. Elksnis*, 528 F.2d 236, 239 (9th Cir. 1975) (citing *Hamling v. United States*, 418 U.S. 87 (1974)). A trial court's decision to exclude cumulative expert testimony is reviewed for abuse of discretion. *See United States v. Marabelles*, 724 F.2d 1374, 1382 (9th Cir. 1984).

## III. Analysis

### A. Defendant Gallagher's Expert Testimony

Plaintiff's employer, Denny's, hired Defendant Gallagher to adjust claims arising under the Hartford policy. Doc. 97 at 1–2; Doc. 101 at 2 ("Gallagher was the third party administrator who handled the day to day adjusting of Plaintiff's workers' compensation claim . . . ."). As noted above, Plaintiff's primary theory is Gallagher acted unreasonably and in bad faith in handling her claim.

Gallagher retained expert witness Olie Jolstad "based on his personal experience and knowledge of the duties and obligations of a third party administrator." Doc. 101 at 2. Mr. Jolstad identifies as an expert witness with respect to "workers' compensation, general liability, and property unfair claims handling practices, as well as customs, practices, and standard of care as respects insurance agent/broker duties." Doc. 97-2 at 5.

For purposes of comparison, his "Summary of Opinions" follows:

1. Gallagher conducted a prompt and reasonable investigation of Ms. Larson's workers' compensation claim.

2. Gallagher did not engage in unfair, unreasonable, or pretext claims handling acts or practices designed, or intended to deny or delay benefits due Ms. Larson under Arizona's workers' compensation act.

3. Gallagher did not wrongfully use litigation, workers' compensation statutes, or administrative rules set forth under Arizona's workers' compensation act, or otherwise promulgated and administered by the Industrial Commission of Arizona, in the adjusting of Ms. Larson's workers' compensation claim.

4. Gallagher did not fail to adopt, implement, establish, or promote reasonable claims handling practices and procedures with respect to claims investigation, evaluation of workers' compensation benefits due, or for the determination of compensability of claims alleged to have occurred in the scope and course of employment.

5. Gallagher did not place its own financial self-interests ahead of Ms. Larson in the adjusting of the claim as alleged by Ms. Larson alleges [sic] Gallagher failed to give equal consideration to her interests, unreasonably interpreted its obligations in order to serve their own convenience and financial interests, and compelled Ms. Larson to engage in litigation in order to obtain benefits.

6. Gallagher did not aid or abet Hartford in any improper handling of Ms. Larson's workers' compensation claim.  In my opinion, no bad faith claim handling occurred and I find no evidence that Gallagher substantially assisted or encouraged any breach of the duty of good faith and fair dealing.

7. I disagree with the conclusions set forth by plaintiff's expert, Mr. Lee Herndon, enumerated on page 16 of his report as follows:

   105. *The carrier failed to properly assist the claimant with the claim.*  The record reflects otherwise.

   106. *The carrier failed to properly and objectively investigate the facts of the case before denying benefits or delaying benefits.*  The record reflects objectivity on the part of the adjuster, and there was a reasonable basis to deny the claim.

   107. *The carrier failed to properly and timely resolve any*

- 4 -

> *issues it may have had about compensability. The record reflects that information was slow in coming and that Ms. Larson's own legal counsel contributed to the delay.* To say that "any issues" were not properly or timely resolved is at best overly broad, and not accurate based on the documentation provided.
>
> 108. *The carrier failed to properly and objectively evaluate the claim.* Again, this statement is not supported by the documents, notes, and records provided.
>
> 109. *The carrier failed to give at least equal consideration to the interests of the injured worker as it gave to its own interests.* I fail to see where there is any documentation showing that Gallagher failed to give equal consideration to Ms. Larson.
>
> 110. *The carrier failed to have a reasonable basis for its denial of the claim or delay in making payments.* The record shows a reasonable basis existed to deny the claim.
>
> 111. *The carrier failed to re-open the claim and investigate when they received a Request for Hearing on June 3, 2011.* I fail to see where Ms. Gustafson has ever closed the claim. Further Ms. Larson has an obligation to keep carrier apprised of her condition. I am willing to reconsider otherwise, however this issue standing alone is not bad faith.
>
> 112. *The carrier unreasonably denied and delayed benefits.* Again, the evidence does not support this opinion.[1] There was a reasonable basis to deny the claim.
>
> 114. *The carrier acted in bad faith.* Gallagher's claims handling does not demonstrate "bad faith."

*Id.* at 3–4 (footnote omitted).

---

[1] This sentence appears to have been erroneously italicized in the original. *See* Doc. 97-2 at 4.

- 5 -

### B. Defendant Hartford's Expert Testimony

Defendant Hartford issued the worker's compensation insurance policy at issue. Yet Plaintiff alleges "Hartford was never involved, directly or even by supervision, in the handling of this claim." Doc. 97 at 2. Indeed, Plaintiff asserts "Hartford's only participation in this coverage [was] by what is known in the insurance industry as a fronting agreement," and Gallagher communicated exclusively with Plaintiff and Plaintiff's employer in resolving her claim. *Id.* ("The claim file does not show one communication, or participatory comment, by Hartford.").

Hartford does not dispute its lack of involvement in the claims handling. *See* Doc. 100 at 4–5 ("Hartford issued the workers' compensation insurance policy to Plaintiff's employer but did not actively participate in the specific claims handling of Plaintiff's workers' compensation claim.").

In response to Plaintiff's suit, Hartford "specifically retained [expert witness Doug] McCoy as his qualifications most closely match the qualifications of Plaintiff's retained witness . . . ." *Id.* at 3. Mr. McCoy identifies as "a qualified expert witness in matters regarding workers' compensation." Doc. 97-1 at 18.

Mr. McCoy concludes, in relevant part, as follows:

> The Plaintiff's expert witness is not correct. The adjuster correctly questioned the mechanism of the injuries claimed by the employee. Any delays on the acceptance of this claim were due to the failure of the employee to cooperate with the lost time adjuster who promptly and honestly (and politely) advised the employee of her concerns. Further delays were caused by the employee's attorney. Once the employee's attorney cooperated with the investigation the claim was accepted.
>
> . . . .
>
> The adjuster met the requirements or duties, if not in the letter of the law she certainly did so in the spirit of the law.
>
> During the time it took to properly investigate the claim the employee was provided medical care through the Arizona

- 6 -

>Healthcare Cost Containment System, AHCCCS. She was not deprived of medical care for her injury.
>
>Once the claim was closed following the employee's release with no need for supportive care, it was the employee's burden, through her attorney to show that there had been no intervening causes for the employee's subsequent complaints and that they were directly related to the accepted injury of 7/28/2010. This claim was handled reasonably and in good faith.

*Id.* at 13–15.[2]

### C. Defendants' Expert Testimony is Cumulative

"Cumulative evidence replicates other admitted evidence." *United States v. Ives*, 609 F.2d 930, 933 (9th Cir. 1979). Although Plaintiff cites to Ninth Circuit decisions[3] for the broad proposition that district courts have discretion to exclude relevant, cumulative evidence, *see* Doc. 97 at 5, she relies primarily on out-of-circuit cases in support of her argument that exclusion is appropriate here. *See id.* at 4.

In *Tran v. Toyota Motor Corp.*, 420 F.3d 1310 (2005), for example, the Eleventh Circuit affirmed a district court order excluding one of the plaintiff's experts as cumulative. *Id.* at 1316. There, the plaintiff, Mai Tran, sued Toyota for injuries resulting from a collision. *Id.* at 1311–12. At trial, Tran sought to call Dr. Clark as an expert to testify about her injury "from a 'micro perspective.'" *Id.* at 1314. Toyota objected that this duplicated the testimony of a previous expert witness, a doctor "whose testimony Tran characterize[d] as encompassing a 'macro perspective' on the collision and Tran's injury." *Id.* at 1315.

The district court reviewed Dr. Clark's deposition and expert witness report, examined his qualifications, and determined both his opinions and their bases were the

---

[2] The omitted text largely reprints portions of the Unfair Property/Casualty Claims Settlement Practices Model Regulation and Arizona Unfair Settlement Practices Act. *See* Doc. 97-1 at 13–14.

[3] *Rogers v. Raymark Industries, Inc.*, 922 F.2d 1426 (9th Cir. 1991); *United States v. Hearst*, 563 F.2d 1331 (9th Cir. 1977); *United States v. Hendrix*, 549 F.2d 1225 (1977).

- 7 -

same as the previous expert witness. Consequently, the district court did not allow Dr. Clark to testify. *Id.*

On review, the court of appeals distinguished a prior case in which it had reversed a decision to exclude cumulative expert testimony. In that case, the court noted "the excluded expert's 'analysis was somewhat different,' his testimony was 'more comprehensive,' and the witness 'had different, and arguably better qualifications than the other experts.'" *Id.*

In *Tran*, by contrast, the court of appeals noted the two experts "relied on the same medical evidence in forming their opinions," the prior expert had testified to the same issues as those to which Dr. Clark would have testified, and the excluded expert's "qualifications [were] not significantly greater" than the prior expert.[4] *Id.* Emphasizing the deferential standard owed to the district court, the court of appeals upheld the exclusion. *Id.* at 1316.

The Tenth Circuit similarly affirmed a district court's decision to exclude cumulative expert testimony in *Nalder v. West Park Hospital*, 254 F.3d 1168 (2001), notwithstanding its reservations about the district court's judgment. *Id.* at 1174. Defendants cite to *Nalder* for the proposition that an expert should not be excluded simply because of "overlapping qualifications" and "the mere possibility that duplicative testimony could result." Doc. 100 at 5 (quoting *Nalder*, 254 F.3d at 1174); Doc. 101 at 5. The source of the court's reservation, however, was precisely the lack of "actual overlap of the experts' proffered *testimony*," and the fact "neither the magistrate judge, the district judge, nor [the party opposing the experts] point[ed] to any specific overlapping or cumulative testimony . . . ." *Nalder*, 254 F.3d at 1174.

Here, there is significant overlap between the reports of both experts. Although they are not copies of one another, review of the reports leads to the conclusion that both

---

[4] The court also noted Tran failed to call Dr. Clark as a rebuttal witness when she had the opportunity and Tran elicited testimony from the treating physician who similarly testified to her injury. *Tran v. Toyota Motor Corp.*, 420 F.3d 1310, 1315 (2005).

- 8 -

1   Hartford's expert, Mr. McCoy, and Gallagher's expert, Mr. Jolstad, opine almost
2   exclusively on the reasonableness of Gallagher's claims handling.

3    Mr. Jolstad's summarized opinions on behalf of Gallagher, reproduced above,
4   refer to Gallagher's actions. *See also* Doc. 105 at 2 ("Mr. Jolstad's report does not
5   contain opinions as to Hartford."). Similarly, Mr. McCoy's report on behalf of Hartford
6   refers almost exclusively to the way Gallagher's adjusters handled Plaintiff's claim.
7   Indeed, his conclusion begins and ends with an evaluation of Gallagher, as illustrated
8   above. Doc. 97-1 at 13–15 ("The Plaintiff's expert witness is not correct. The adjuster
9   correctly questioned the mechanism of the injuries claimed by the employee. . . . This
10  claim was handled reasonably and in good faith.").

11   Mr. McCoy appears to have based his opinions significantly on notes prepared by
12  Gallagher's claims adjusters. *See* Doc. 97-1. Thus, like the experts in *Tran*, both Mr.
13  McCoy's and Mr. Jolstad's reports appear to be based largely on the same evidence.
14  Further, Mr. McCoy's report repeats or restates much of Mr. Jolstad's report regarding
15  Gallagher's actions, but it says little about Hartford. As a result, there is significantly
16  more overlapping testimony than was present in *Nalder*, in which the court of appeals
17  nonetheless affirmed the district court's exclusion.

18   Defendants' emphasis on distinct qualifications and perspectives (rather than on
19  distinct reports) is supported by case law. *See, e.g.*, *Tran*, 420 F.3d at 1315 (comparing
20  expert qualifications to determine whether their testimony was cumulative and noting the
21  district court "extensively examined Dr. Clark's qualifications"); *Schwartz v. Hawkins &*
22  *Powers Aviation, Inc.*, No. 04-CV-195-D, 2005 WL 3164277, at *2 (D. Wyo. Nov. 7,
23  2005) (unreported decision) (allowing multiple experts' testimony over defendants'
24  motion to strike as cumulative and emphasizing the experts' distinct qualifications and
25  points of view). Here, however, both Mr. McCoy and Mr. Jolstad are claims adjusters
26  with between thirty-five and forty years of experience within the insurance industry,
27  including in the fields of workers' compensation, claim reviews, and consulting.
28  *Compare* Doc. 97-1 at 16–18 *with* Doc. 97-2 at 4–5.

Ultimately, Mr. McCoy's expert report is simply not probative of Hartford's role in Plaintiff's claim filing or of whether Hartford engaged in bad faith. To the extent it is probative of Gallagher's role, it largely duplicates Gallagher's expert report and is cumulative within the meaning of Rule 403.

Moreover, selecting one expert will not prejudice Defendants. Plaintiff acknowledges Hartford was not involved in handling her claim. Consequently, any right to relief appears to turn on whether Gallagher acted in bad faith and whether Hartford, as the carrier, should be liable for Gallagher's alleged conduct. Defendants may select the expert who will best assist the jury in evaluating Gallagher's investigation and claims handling.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Exclude Duplicative Claim Practices Expert (Doc. 97) is granted. Defendants may elicit the testimony of one expert witness at trial as to whether Gallagher reasonably handled Plaintiff's claim.

Dated this 18th day of September, 2013.

_____
Neil V. Wake
United States District Judge